UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESLIE BUTLER for M.D., | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 4:06CV444 MLM |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of | ) |
| the Social Security Administration | ) |
| | ) |
| Defendant. | ) |

## BRIEF IN SUPPORT OF PLAINTIFF'S COMPLAINT

### NATURE OF ACTION AND PRIOR PROCEEDINGS

This is an action brought pursuant to 42 U.S.C. Section 405(g) for judicial review of the defendant's final decision denying Plaintiff's application for Supplemental Security Income benefits under Title XVI of the Social Security Act.

Plaintiff filed an initial application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act on April 7, 2003. (Tr. 63-65) An initial determination was adverse to Plaintiff's application for benefits on August 20, 2003. (Tr. 38-41) Plaintiff filed a Request for Hearing before an Administrative Law Judge October 15, 2003. (Tr. 42-43) Plaintiff appeared and testified in an Administrative Law Judge (ALJ) hearing on August 23, 2005. (Tr. 138-150) The ALJ issued an unfavorable decision dated September 23, 2005. (Tr. 9-18) Plaintiff filed a Request for Review at the Social Security Administration Appeals Council on October 25, 2005. The Appeals Council denied Plaintiff's Request for Review in a decision dated January 5, 2006. (Tr. 3-5) Plaintiff has therefore completely exhausted all administrative remedies.

1

# LEGAL STANDARDS

In evaluating disability in children under the age of 18, the Commissioner has prescribed a sequential evaluation process similar to that of adults. 20 CFR § 416.924 That sequential evaluation has the following steps: 1) Is the child engaged in substantial gainful activity? If not, 2) Does the child have an impairment or combination of impairments that is severe? If so, 3) Does the impairment(s) meet, medically equal, or functionally equivalent to the Listing of Impairments? 20 CFR § 416.924(a)

In determining functional equivalence, the Commissioner considers the child's functioning in six (6) areas or domains. 20 CFR § 416.926a(b)(1). Those domains are: 1) Acquiring and using information; 2) Attending and completing tasks; 3) Interacting and relating with others; 4) Moving about and manipulating objects; 5) Caring for yourself; and 6) Health and Physical Well-Being. 20 CFR § 416.926a(b)(1) In determining functional equivalence, Plaintiff must establish marked and severe functional limitations in two of the domains. 20 CFR § 416.926a(a)

In determining whether one has a marked level of impairment in a domain, the Commissioner considers whether the impairment interferes seriously with the ability to independently initiate, sustain, or complete activities. Day-to-day functioning may be seriously limited when impairments limit one activity or when the interactive accumulative effect of the impairments limit several activities. Marked limitation also means a limitation that is more than moderate, but less than extreme, and is equivalent to functioning one would expect to find on standardized testing with scores that are at least two, but less than 3 standard deviations below the mean. 20 CFR § 416.926a(e)(2)

The Commissioner's decision is conclusive upon this Court if it is supported by "substantial evidence". Onstead v. Sullivan, 962 F. 2d 803, 804 (8th Cir. 1993). In Bland v. Bowen, 861 F. 2d 533 (8th Cir. 1988), the Eighth Circuit Court of Appeals held:

> "The concept of substantial evidence is something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the Commissioner may decide to grant or deny benefits without being subject to reversal on appeal."

Id. at 535. See Also Metcalf v. Heckler, 800 F. 2d 793, 794 (8th Cir. 1986); Clark v. Heckler, 733 F.2d at 68.

To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;
(2) The education, background, work history, and age of the plaintiff;
(3) The medical evidence given by the plaintiff's treating physician;
(4) The subjective complaints of pain and description of the plaintiff's physical activity and impairment;
(5) The corroboration by third parties of the plaintiff's physical impairment;
(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the plaintiff's physical impairment; and
(7) The testimony of consultive physicians.

Brand v. Secretary of Dept. of Health, Education and Welfare, 623 F. 2d 523, 527 (8th Cir. 1980); Cruse v. Bowen, 867 F. 2d at 1183 (8th Cir. 1989). This requires more than a mere parse of the record for substantial evidence supporting the Commissioner's final decision. This Court must also consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion. Therefore, if it is possible to draw two inconsistent positions from the evidence and

one of those positions represents the agency's findings, this Court must affirm the decision. Cruse v. Bowen, 867 F. 2d 1183, 1184 (8th Cir. 1989).

## STATEMENT OF THE ISSUE

This action requests a review of a final administrative decision of the defendant agency. This Court's power of review is statutorily defined by 42 U.S.C. § 405(g). The statute states, in part:

> "The Court shall have power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing. The finding of the Commissioner, as to any fact, if supported by substantial evidence, shall be conclusive..."

This Court's power of review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence. Onstead v. Sullivan, 962 F. 2d 803 (8th Cir. 1993)

## MEDICAL EVIDENCE

1) A Childhood Disability Evaluation Form was completed by R. Rocco Cottone, Ph.D., August 13, 2003. Psychologist Cottone, at that point, reported Plaintiff had an allegation of behavior problems, but noted there was insufficient evidence, as Plaintiff had failed to attend a necessary consultative exam. (Tr. 122)

2) Plaintiff was assessed at Hopewell Center on April 25, 2005. (Tr. 129) Plaintiff had a diagnosis of Attention Deficit with Hyperactivity Disorder (ADHD) with an assessed GAF of 55 in the past year and currently. (Tr. 129) Plaintiff was prescribed Risperdal and Concerta. (Tr. 130) The intake assessment noted Plaintiff's mother reporting Plaintiff had difficulty staying in his seat at school, talking back to teachers, refusing directions, trouble concentrating or paying attention, extremely hyperactive and always on the go, easily forgetting directions, was easily distracted and very immature. (Tr. 132) Plaintiff was noted to have received counseling services for these problems. (Tr. 132) On mental status

4

evaluation, Plaintiff was noted to not be able to sit still in his chair most of the time, appeared bored and restless, and attention span was limited. (Tr. 135) Eye contact was limited, and answers were never detailed enough. (Tr. 135) Plaintiff was diagnosed with ADHD with a GAF of 55. (Tr. 137)

**LEGAL ARGUMENT**

I. **THE DECISION OF THE ADMINISTRATIVE LAW JUDGE FAILED TO PROPERLY CONSIDER RESIDUAL FUNCTIONAL CAPACITY AND THE LISTING OF IMPAIRMENTS IN EVALUATING THIS CLAIM.**

The decision of the ALJ found Plaintiff had the medically determinable impairments of ADHD and a behavior problem. (Tr. 13) The decision indicated the child's impairments did not meet the listing of impairments. The decision did not articulate a legally sufficient rationale for this conclusion.

The decision recited the findings from the examination completed at Hopewell Center, April 25, 2005. (Tr. 14) The decision recited Plaintiff was noted to not be able to sit still during the evaluation, appeared bored, restless, and exhibited a short attention span. (Tr. 14) The decision noted Plaintiff did not appear focused most of the time during the interview and appeared hyperactive. Plaintiff was diagnosed with ADHD with a GAF of 55. (Tr. 14)

Without recitation or evaluation, the decision noted Plaintiff's impairments did not meet the listing of impairments. The Commissioner's Listing of Impairments includes a listing for Attention Deficit with Hyperactivity Disorder. See 20 Pt. 404, Subpt. P, App. 1, § 112.11.

The Listing requires:

    A.    Medically documented findings of all three of the following:
           1.    Marked inattention; and
           2.    Marked impulsiveness; and
           3.    Marked hyperactivity;

And
B.  For older infants and toddlers (age 1 to attainment of age 3), resulting in at least one of the appropriate age-group criteria in paragraph B1 of 112.02; or, for children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

Plaintiff respectfully submits the evaluation from Hopewell Center meets those requirements. The decision is silent with regard to the rationale as to why Plaintiff's impairments did not meet the listing of impairments. Certainly no post-hoc argument can be made to rationalize this conclusion, as there is absolutely no discussion contained in the decision related to the listing of impairments. "[A] reviewing court may not uphold an agency decision based on reasons not articulated by the agency," when "the agency [has] failed to make a necessary determination of fact or policy" upon which the court's alternative basis is premised. Healtheast Bethesda Lutheran Hosp. and Rehab. Ctr. v. Shalala, 164 F.3d 415, 418 (8th Cir. 1998) (discussing the limitations on the rule made by the Supreme Court in S.E.C. v. Chenery Corp., 318 U.S. 80, 87 L.Ed. 626, 63 S.Ct. 454 (1943)). Banks v. Massanari, 258 F.3d 820, 824 (8th Cir. 2001) In Securities and Exchange Commission v. Chenery Corp., 318 U.S. 80, 87 L. Ed. 626, 63 S. Ct. 454 (1943), which involved the review of an administrative decision in which an agency failed to make necessary factual findings, the Court did state that "the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based," Id. at 87, the Court also explicitly limited that ruling to cases in which an agency fails to make a necessary determination of fact or policy. Id. at 88. The 8th Circuit has recognized this aspect of Chenery since Mayo was decided. See, e.g., Arkansas AFL-CIO v. Federal Communications Commission, 11 F.3d 1430, 1440 (8th Cir. 1993), (en banc) (plurality opinion, with two additional judges concurring implicitly on this point). Healtheast Bethesda Lutheran Hosp. and Rehab. Ctr. v. Shalala, 164 F.3d 415, 418 (8th Cir. 1998) Thus, with

regard to meeting the listing of impairments or equaling it, the decision fails, as it offers absolutely no rationale whatsoever, despite its recitation of the evidence of record documenting significant or marked levels of inattentiveness, impulsivity, and hyperactivity.

The decision also fails as it failed to properly consider the mandated functional equivalence evaluation properly. See 20 C.F.R. § 416.924. The decision found Plaintiff had less than marked impairment at acquiring and using information, less than marked impairment in attending to and completing tasks, marked impairment in interacting and relating to others, with no limitations in moving or manipulating items, caring for self, or health and physical well-being. (Tr. 15-17) Plaintiff takes no issue with the findings regarding moving and manipulating items, health and physical well-being, or the finding Plaintiff had marked difficulty with interacting and relating to others. Plaintiff, however, takes issue with the findings relative to acquiring and using information, attending to and completing tasks, and caring for self.

The Commissioner's regulations reflect all evidence of record will be considered in determining the child's functioning. See 20 C.F.R. § 416.924(a) In this particular matter, it does not appear Plaintiff's mother's testimony was properly considered. The regulations also dictate information from parents or other care givers is to be considered. See 20 C.F.R. 416.924a(2)(i). While the testimony was recited, the decision fails to articulate a legally sufficient rationale for its conclusions relative to acquiring and using information, attending to and completing tasks, and caring for self.

The decision noted Plaintiff had been suspended from school five times during the past year. (Tr. 14) The decision also noted Plaintiff's mother testified that the school had called her, stating her son was out of control, teachers were afraid of things, that he threw things, and broke things. (Tr.

7

14) The decision notes, with regard to attending to and completing tasks, Plaintiff had difficulty paying attention and maintaining attention. (Tr. 16) The decision, without a rationale, concluded Plaintiff had less than a marked limitation. (Tr. 16) Plaintiff submits such actions demonstrate functioning that is not age-appropriate in initiating, sustaining, and completing activities. See 20 C.F.R. § 416.924(a)(5)(I).

The evidence of record, as cited above from the examination of April 2005, noted Plaintiff was not even able to stay in his seat, was not even able to answer questions in a detailed enough manner for the examiner to understand what was being said. (Tr. 135) Plaintiff respectfully submits that with a GAF of 55, and the recitation of the mental health evaluator, Plaintiff's impairments arise to a marked level of impairment in attending to and completing tasks. This is so, as one by necessity has to stay in one's seat to concentrate, and if one is not even able to converse and provide enough details, Plaintiff submits a marked level of dysfunction is present. The testimony of the mother demonstrates easy frustration and being sidetracked. These limits are similar to the examples in the Commissioner's regulations of limited functioning in this domain. See 20 C.F.R. § 416.926a(h)(3). Similarly, that evidence from the mother and Hopewell Center provides a basis to conclude Plaintiff has marked levels of dysfunction in the "caring for yourself" domain. The regulations reflect one needs effective coping mechanisms to identify thoughts and feelings. See 20 C.F.R. 416.926a(k)(1)(iii). Plaintiff submits the evidence describing him being out of control meets this criterion for marked dysfunction and thus submits for this reason the decision should be remanded. When considered in conjunction with the finding in the decision Plaintiff had a marked level of dysfunction in interacting and relating to others, Plaintiff submits he has an impairment functionally equivalent in severity to the listing of impairments, and thus should be found disabled.

8

## CONCLUSION

This matter concerns a younger individual who was diagnosed with ADHD and assessed with a GAF of 55. The evaluator for Hopewell Center indicated Plaintiff did not stay in his seat, did not pay attention, had difficulties with impulsivity, and was not even able to answer questions in enough detail. The decision of the ALJ found Plaintiff's impairments did not meet the listing of impairments. Plaintiff submits that the listing of impairments have been met in this matter based upon the evaluation from the evaluator at Hopewell Center. Further, the decision failed to properly analyze functional equivalence under the childhood disability standard. The decision, while finding marked impairment in interacting and relating to others, found less than marked impairment in all other areas. That conclusion is called into serious question by not only the evaluator for Hopewell Center, but also the observations of Plaintiff's mother. As the decision failed to articulate a legally sufficient rationale for its conclusions, Plaintiff respectfully submits the decision is legally insufficient and not supported by substantial evidence. Plaintiff therefore respectfully requests that you reverse the decision of the Administrative Law Judge.

WHEREFORE, Plaintiff requests that this Court reverse the decision of the defendant agency and find in favor of Plaintiff's Brief in Support of Complaint or for such other relief as the Court may determine proper.

Respectfully submitted,

JEFFREY J. BUNTEN, Atty. Reg. # 94758
Attorney for Plaintiff
Suite 2995
211 North Broadway
St. Louis, MO 63102

CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2006, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Jane Rund, Assistant U.S. Attorney, U.S. Attorney's Office, Eastern District of Missouri, Thomas F. Eagleton Courthouse, 111 South 10th Street, Suite 20.333, St. Louis, MO 63012.

JEFFREY J. BUNTEN, Atty. Reg. # 94758